IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOSEPH THOMAS,                    §
                                  §
            Plaintiff,            §
                                  §
V.                                §        No. 3:14-cv-4530-B-BN
                                  §
DALLAS HOUSING AUTHORITY,         §
ET AL.,                           §
                                  §
            Defendants.           §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

On December 26, 2014, Plaintiff Joseph Thomas filed a *pro se* 42 U.S.C. § 1983 complaint against the Dallas Housing Authority ("DHA"); the U.S. Department of Housing and Urban Development ("HUD"); Tara Jackson, identified as a DHA caseworker; and Cindy Quezada, identified as a Jackson's supervisor. *See* Dkt. No. 3. The Court granted his motion for leave to proceed *in forma pauperis* [Dkt. No. 4] on December 31, 2014, *see* Dkt. No. 5, and – to better understand the factual and legal basis for this action – issued interrogatories to Plaintiff on January 5, 2015, *see* Dkt. No. 6. Plaintiff has submitted responses to those interrogatories. *See* Dkt. No. 7.

Although Plaintiff mentions supplemental jurisdiction over state law claims under a paragraph titled "Jurisdiction & Venue" in his complaint, *see* Dkt. No. 3 at 2, and speaks of liability in terms of common law torts, *see* Dkt. No. 7 at 1, his sole stated claim for relief is a "[v]iolation of 42 U.S.C. § 1983[,]" Dkt. No. 3 at 3.

Plaintiff states that, on or about August 28, 2013, he entered into an agreement, titled "Statement of Family Obligations" [Dkt. No. 7-1], with the DHA that is based, at least in part on 24 C.F.R. Part 982 – which the undersigned notes are the regulations related to the Section 8 Tenant-Based Assistance: Housing Choice Voucher Program. *See* Dkt. No. 3 at 2; Dkt. No. 7-1 at 1.

Plaintiff points out that, under this agreement, "[t]he family may not commit any serious or repeated violations of the lease." *Id.*

He then states that, "from 2008 until 2013[,] LaKessa Shepherd acted as an officer and/or agent who maintained [his] case without incident," that his "HAP[, or Housing Assistance Program,] payment to [his] landlord was [$]836.00 per month," and [that his] responsibility was [$]0.00." Dkt. No. 3 at 2.

This changed in 2014 when, according to Plaintiff, Defendant Jackson took over management of his case. *See id.* at 2-3. His HAP payments increased to $1,000.00. And Plaintiff alleges that Defendant Jackson "knowingly and intentionally" (1) "placed [him] in a position to be responsible for payment of rent, with the knowledge that [he was] on a fixed income due to disability" and (2) "continued to cause [him] emotional distress by preventing [him] from moving on to the FSS[, or Family Self-Sufficiency] program...." *Id.* at 3. He further contends that Defendant Jackson has not responded

to his attempts to contact her regarding his concerns. *See* Dkt. No. 7 at 2-4.

Plaintiff asserts that Defendant Jackson is acting as third party in an attempt to knowingly and wrongfully interfere with the contract between him and the DHA – by forcing Plaintiff into a position to breach that contract – and was also negligent and has intentionally subjected him to emotional distress. *See id.* at 1. Plaintiff further asserts that Defendant Jackson's actions against him are motivated by her belief that single men, like Plaintiff, should not be on public assistance. *See id.* at 6 (in response to an interrogatory asking "[i]f the breach of the written agreement is not the basis of the alleged constitutional violations, please specify who your constitutional rights have been violated," Plaintiff responds: "Yes, the basis of this tort is a breach of said agreement. This is not a breach that has occurred, but a breach that will occur if the actions of Tara Jackson's go unaddressed. And, yes a violation of The Equality Act 2010: This is based on the statements from Tara Jackson that single men, whether with children or not, shouldn't be on public assistance. Then to action [sic] that disregards the fact that I have disabilities."); *see also* Dkt. No. 3 at 2 (alleging that Defendant Jackson "has acted in an unprofessional manner. By expressing her personal opinion verbally as well as in her action as it relates to men are part of any public assistance. Specify gender discrimination.")

Plaintiff contends that Defendant Quezada is liable as Defendant Jackson's supervisor. *See* Dkt. No. 7 at 4-5. He also believes that the DHA and HUD are liable for his harm. *See id.* at 3.

The undersigned now concludes that all claims asserted against Defendant

Quezada, the DHA, and HUD should be summarily dismissed. But, for purposes of initial screening, Plaintiff has stated a Section 1983 claim based on equal protection (gender discrimination) against Defendant Jackson. That claim should be allowed to proceed, and Defendant Jackson should be should be served by the United States Marshal pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

### Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *see Shorts v. Chinese Restaurant*, Civil Action No. 10–1701, 2010 WL 3800894, at *1 (E.D. La. Aug. 31, 2010), *rec. adopted*, 2010 WL 3800907 (E.D. La. Sept. 20, 2010) ("In cases in which a plaintiff seeks to proceed without the prepayment of the required filing fee and attendant fees for service of process, courts have long had the authority to dismiss *in forma pauperis* complaints if satisfied that the claims asserted are frivolous or malicious." (citing Section 1915(e)(2)(B) and its predecessor statute)).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an

arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while the Court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*,

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

But, "to survive a motion to dismiss[,]" under *Twombly* and *Iqbal*, Plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Although a court generally cannot look beyond the pleadings in determining whether claims should be dismissed, the pleadings here include Plaintiff's responses to the Court's interrogatories [Dkt. No. 7], which "become part of a plaintiff's pleadings." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

## Analysis

<u>Defendant Jackson</u>

Plaintiff alleges that his civil rights have been violated because his current DHA caseworker, Defendant Jackson, through her actions and inactions, is attempting to cause Plaintiff to be unable to pay his rent and, thus, breach his agreement with DHA because Defendant Jackson believes that Plaintiff, as a man, should not be receiving public assistance.

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."

*Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983); *see Banks v. Dallas Hous. Auth.*, 271 F.3d 605, 609 (5th Cir. 2001) (emphasizing that, "[i]n order to seek redress through § 1983, ... a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*" (quoting *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (emphasis in *Blessing*))). Section 1983 is not itself a source of substantive rights but, rather, merely provides a method for vindicating federal rights conferred elsewhere. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

As to Defendant Jackson, Plaintiff appears to be seeking protection from claimed gender or sex discrimination – by this defendant – under the Equal Protection Clause of the Fourteenth Amendment. *See, e.g.*, *Marcotte v. Deckard*, No. 2:03-cv-0032, 2005 WL 2291921, at *2 (N.D. Tex. Sept. 16, 2005) ("To state a claim under the Equal Protection Clause, a section 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class or due to an irrational or arbitrary state classification unrelated to a legitimate state objective." (citations omitted)); *McField ex rel. Ray v. Philadelphia Hous. Auth.*, 992 F. Supp. 2d 481, 494 (E.D. Pa. 2014) (dismissing a plaintiff's Equal Protection Clause claim against the city housing authority and her former landlord because she did "not allege any facts that would suggest that [she] received different treatment from other,

-7-

similarly situated individuals or that she experienced purposeful discrimination"); *cf.*

*Chadwick v. Layrisson*, No. 98-3518, 1999 WL 717628, at *2 (E.D. La. Sept. 13, 1999)

("[Section] 1983 provides a cause of action for gender discrimination against a public

employer who under color of state law deprives an employee of her constitutional right

under the equal protection clause of the Fourteenth Amendment to be free from gender

discrimination." (collecting cases, including *Southard v. Tex. Bd of Crim. Justice*, 114

F.3d 539, 550 (5th Cir. 1997))).

"[B]efore turning to the constitutional question," however, a court must first

determine "whether state action is involved in the claims [a plaintiff] presents, for

state action is a prerequisite for bringing an action under Section 1983." *Rundus v. City*

*of Dallas, Tex.*, 634 F.3d 309, 312 (5th Cir. 2011) (citing *Miss. Women's Med. Clinic v.*

*McMillan*, 866 F.2d 788, 792-93 (5th Cir. 1989)).

Here, Plaintiff has alleged that Jackson has acted "as an agent and/or officer on

behalf of the [DHA]" and that she is his assigned caseworker, responsible for managing

Plaintiff's access to public housing assistance. *See* Dkt. No. 3 at 1-3; Dkt. No. 7 at 2-4.

Thus, this complaint – the allegations of which the Court must accept as true for

present purposes – may be distinguished from, for example, a complaint against a

purely private housing provider. *See, e.g.*, *Williams v. Candletree Apartments*, 38 F.

Supp. 3d 801, 804 (N.D. Tex. 2014) (finding no state action where "[n]o facts [were]

alleged in the complaint as that would cause the court to consider that either

defendant was a state actor or was engaged in conduct that could in any way be

attributed to the state"). It is established, moreover, that, "[l]ike public officials in

charge of employment, licensing, and public schooling, those who manage public housing must adhere to elementary standards of fairness. A housing authority is a governmental agency and its actions are State action within the meaning of the Fourteenth Amendment." *Ruffin v. Hous. Auth. of New Orleans*, 301 F. Supp. 251, 254 (E.D. La. 1969) ("The government as landlord is still the government.... [U]nlike private landlords, it is subject to the requirements of due process of law." (quoting *Thorpe v. Hous. Auth. of Durham*, 386 U.S. 670, 678 (1967) (Douglas, J., concurring))). Accordingly, Plaintiff has sufficiently alleged that Defendant Jackson is a state actor for Section 1983 purposes.

As to Defendant Jackson, the undersigned also has examined the allegations of Plaintiff's complaint, the substance of his claims, and the relief he seeks – which includes compensatory damages, *see* Dkt. No. 3 at 5 – and concludes that Defendant Jackson has been sued in her individual capacity. *See, e.g.*, *Hopkins v. Gusman*, No. 06-5022, 2007 WL 2407247, at *4 (E.D. La. Aug. 17, 2007) ("In the Fifth Circuit, 'the allegations in the complaint must be examined in order to determine the nature of the plaintiff's cause of action.'" And if it not clear from the complaint "whether the defendant is named in his individual or official capacity, the Court must look to the substance of the claims, the relief sought, and the course of the proceedings to determine in which capacity the defendant is sued." (quoting *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973) (Section 1983 case); citing *United States ex rel. Adrian v. Regents of Univ. of Ca.*, 363 F.3d 398, 402-03 (5th Cir. 2000); *Drabek v. Larson*, 7 F.3d 229 (5th Cir. 1993))).

Therefore, for screening purposes, the undersigned concludes that Plaintiff has alleged a gender discrimination claim under Section 1983 against Defendant Jackson in her individual capacity and concludes that the claim should be allowed to proceed and that Defendant Jackson should be served.

<u>Defendant Quezada</u>

Plaintiff alleges that Defendant Quezada is Defendant Jackson's "immediate supervisor" and, as such, Defendant Quezada "allowed Tara Jackson to commit all of [her alleged] actions." Dkt. No. 7 at 4 (further alleging that "Cindy Quezada also [had] full access to [Plaintiff's] file"; thus, she "was well aware of all issues at it relates to [Plaintiff's] case.").

"Supervisory officials cannot be held vicariously liable for their subordinates' actions under [Section] 1983." *Wylupek v. Mooneyham*, No. 7:00-cv-164-BF, 2001 WL 1398723, at *5 (N.D. Tex. Nov. 6, 2001) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam)). Instead, the United States Court of Appeals for the Fifth Circuit has "frequently held that supervisor liability under section 1983 requires a showing of the supervisor's deliberate indifference to the known or obvious fact that such constitutional violations would result and that generally requires that a plaintiff demonstrate at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 427 (5th Cir. 2006) (quoting *Johnson v. Deep E. Tex. Reg'l Narcotics*, 379 F.3d 293, 309 (5th Cir. 2004); citing *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005);

*Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003); *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)) (internal quotation marks and bracket omitted); *see also Pierce v. Hearne Indep. Sch. Dist.*, ___ F. App'x ____, No. 14–50788, 2015 WL 81995, at *3 (5th Cir. Jan. 7, 2015) (per curiam) ("Under [a] theory [of Section 1983 supervisory liability], 'the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.' Deliberate indifference in this context ordinarily requires a 'pattern of similar constitutional violations by untrained employees....'" (respectively quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998); *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011))).

Plaintiff's allegations focus only on harms to him – alleged gender discrimination – caused by a single DHA employee, who is not Defendant Quezada. He has not alleged a pattern of such harms. As such, he has not alleged the requisite deliberate indifference to show that Defendant Quezada, Defendant Jackson's alleged immediate supervisor, is liable to him under Section 1983. *See Craig v. St. Martin Parish Sheriff*, 861 F. Supp. 2d 1290, 1302 (W.D. La. 1994) (generally speaking, "[a] single incident, standing alone, is insufficient as a matter of law to establish a failure to train violation." (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)).

All claims against this defendant should be summarily dismissed.

<u>The DHA</u>

Plaintiff alleges that the DHA's liability stems from it "allow[ing] its

representatives to act against its own policy...." Dkt. No. 7 at 3.

In Texas, municipal housing authorities are unique entities. State law authorizes municipalities to create them if there is a need. As one district court has explained:

> State law delegates the creation of municipal housing authorities to the municipalities. TEX. LOC. GOV'T CODE § 392.011. The governing body of each municipality is given the discretion to determine whether a municipal housing authority is needed. *Id.* § 392.011(d). Municipal housing authorities are governed by five, seven, nine, or eleven commissioners appointed by the presiding officer of the municipality they serve. *Id.* § 392.031(a). All powers of a municipal housing authority are vested in the authority's commissioners and may be delegated to agents or employees as the authority "considers proper." *Id.* § 392.051(b), (c).

*Patterson v. Hous. Auth. of City of Pearsall*, No. SA-05-CA-1155-XR, 2006 WL 2322887, at *5 (W.D. Tex. July 27, 2006) (footnote omitted).

Based on their structure, housing authorities have been determined to be an extension of a municipality rather than a state instrument. *See id.* ("Because a city's housing authority is 'comprised wholly of members appointed by the mayor,' it is 'an arm of local government, not an instrument of the state.'" (quoting *De la O v. Hous. Auth. of the City of El Paso*, 417 F.3d 495, 499 (5th Cir. 2005)); *Lamb v. City of Sweetwater Hous. Auth., Sweetwater, Tex.*, 3 F.3d 439, 1993 WL 347199, at *4 (5th Cir. 1993) (per curiam) ("In sum, The Texas Local Government Code, Texas case law, and the evidence in the record before us support the district's determination that the City of Sweetwater Housing Authority is simply a division of the City of Sweetwater ....").

"The DHA, as a municipality, is a 'person' subject to suit under § 1983." *James v. Dallas Hous. Auth.*, 526 F. App'x 388, 394 (5th Cir. 2013) (per curiam) (citing *Monell*,

-12-

436 U.S. at 690)); *cf. Wright v. City of Roanoke Redevelopment & Hous. Auth.*, 479 U.S. 418, 428 (1987) ( "In sum, we conclude that nothing in the Housing Act or the Brooke Amendment evidences that Congress intended to preclude petitioners' [Section] 1983 claim against respondent."). But, under Section 1983, a municipality, like the DHA, cannot be held vicariously liable for the acts of its employees. *See Monell*, 436 U.S. at 691; *see also James*, 526 F. App'x at 394 ("Courts will not hold municipalities liable for constitutional violations of its employees under a theory of *respondeat superior*." (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

> Thus, § 1983 liability attaches "only where that municipality *itself* causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Therefore, "[t]he fact that a tortfeasor is an employee or an agent of a municipality is therefore not sufficient for city liability to attach; the municipality must cause the constitutional tort, which occurs 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury." *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008) (quoting *Monell*, 436 U.S. at 694).

*James*, 526 F. App'x at 394 (emphasis in original and some internal citations modified).

Plaintiff has not alleged that a policy or custom of the DHA has harmed him. Instead, he alleges that the DHA is liable because an employee acted "against" the DHA's policies. Plaintiff therefore cannot state a claim against the DHA, and all claims against this defendant also should be summarily dismissed.

HUD

Plaintiff has also sued HUD under Section 1983 under the theory that "HUD conducts management review of DHA...." Dkt. No. 7 at 3. But HUD is not a proper defendant here where, "[b]ecause HUD is a federal agency acting under color of federal

-13-

law," a plaintiff cannot state "a claim against it under § 1983." *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1053 (5th Cir. 1993). Therefore, all claims against this defendant also should be summarily dismissed.

## Recommendation

The Court should summarily dismiss all claims asserted against Defendant Quezada, the DHA, and HUD pursuant to 28 U.S.C. § 1915(e)(2)(B). For purposes of initial screening, however, Plaintiff has stated a Section 1983 claim based on equal protection (gender discrimination) against Defendant Jackson. The Court should allow this claim to proceed and order the United States Marshal to serve Defendant Jackson pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: April 20, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE
